John M. Keane, S.
Probably no view on the landscape is more symbolic of our day and age than the limited access highway with its widely separated exits and complex interchanges. In an automobile age, this type of highway provides a speedy route for the knowledgeable traveler. However, if a traveler is not certain of the exact route to his destination, he can quickly find himself far off his route because he took the wrong exit or went down the wrong ramp on the interchange. No matter how well engineered such a highway is, the traveler using it must know the exact route to his destination to use it most efficiently.
In an analogous manner, the draftsman of a will can use the most precise and correct language but if he fails to envision the situations which might arise at the testator’s death, or subsequently, if trusts are involved, all of his education and skills in the use of language will go for nought. No one can expect a draftsman to be omniscient, yet he should consider the situations that are most likely to arise in order that when such an event occurs, the will can provide clear guidance for the disposition of the property.
The present accounting proceeding illustrates the observations previously made. Dr. Silas D. Molyneaux died October 14, 1951, survived by his widow and a son, born of a prior marriage. In paragraph ‘ ‘ second ’ ’ of his will he established a trust of $100,000 for the benefit of his wife and further provided for the disposition of the remainder in the following language: ‘ ‘ Upon the death of my said wife, if the trust created in paragraph designated fifth hereof be still in full force and effect, I direct that such unexpended corpus be added to and form a part of such trust, otherwise, I direct that the same be paid over absolutely to my son sidas d. molyneaux, jb.” (Emphasis supplied.) Standing by itself this language would appear to present no problems of interpretation or construction. It does, in effect, incorporate by reference the provisions of paragaph 1 ‘ fifth ’ ’ in order to reach a conclusion concerning the disposition of the corpus of this trust.
In paragraph “fifth” the residuary of the estate was set up in a trust for the benefit of the son, Silas D. Molyneaux, Jr. He was to receive one third of the corpus, as it existed at the time of his father’s death, on a date 5 years after his father’s death; another third 10 years after his father’s death and the *723 balance 15 years after his father’s death. Unfortunately, the son died on June 17, 1963 before 15 years had elapsed after his father’s death. While the son did not specifically exercise the general power of appointment given to him over the corpus of the trust created for his benefit, this court, in Matter of Molyneaux (44 Misc 2d 159 [1964]) determined that the residuary clause of the son’s will effectively exercised the general power of appointment. In reaching that conclusion, this court determined that in effect the provisions of the son’s will were to be read into and become part of his father’s will in the exercise of the power of appointment.
The surviving corporate trustee of the trust created for the benefit of the widow of Silas D. Molyneaux is also the surviving corporate trustee of the trust created for the benefit of his son. The surviving trustee contends that, in view of the decision made in Matter of Molyneaux (supra), the trust under paragraph ‘ ‘ fifth ” is “in full force and effect ’ ’ and the corpus existing in the trust created under paragraph “ second ” must now be added to the trust created under paragraph “fifth ”. It argues that the succeeding trust created under the power of appointment is now actually part of paragraph ‘ ‘ fifth ’ ’ just as though Dr. Molyneaux had created the succeeding trust.
In English there are many words which have the same sound but different meanings. The meanings are understood only when they are heard in the context of the other spoken language surrounding such a word. For example, the two verbs, “ sew ” and “ sow ” would hardly be confused by a listener when heard in context. Similarly while for some purposes paragraph ‘1 fifth ’ ’ is now enlarged to contain the residuary disposition of the son’s will in the exercise of his power of appointment, does this mean paragraph “fifth” is enlarged for all purposes? Like the words which sound alike but have different meanings, the context must be examined.
What was the intent of Dr. Silas D. Molyneaux in paragraph “ second ” of his will? That is what the court seeks. If his wife died within 15 years, then the corpus was to be added to the trust for the benefit of his son. If she survived for more than 15 years, the corpus was to be paid to the son absolutely. Obviously, there was no consideration that his son might die during that 15-year period.
It is true that, theoretically, the testator could have envisioned a further trust in the exercise of a power of appointment. However, his court is limited to the language which appears before it. The doctrine of relation back when applied to powers *724 of appointment is artificial enough without using it as a basis to engraft upon the language of the testator herein results which certainly, to this court’s thinking, never entered his mind.
For the disposition under paragraph “ second ”, the trust under paragraph ‘ ‘ fifth ’ ’ as created by the testator no longer exists. Therefore, it is the determination of this court that the intent of the testator will be effected by the transfer of the corpus of the trust to the estate of Silas D. Molyneaux, Jr. Such a determination does no violence to this court’s prior decision in Matter of Molyneaux (supra) wherein it was determined that the power of appointment in paragraph “fifth” was validly exercised.
This determination renders academic the question concerning claims for commissions of the trust under paragraph “ second ” by the surviving corporate trustee. Under the determination made herein, the trust has terminated. Therefore, the surviving corporate trustee will be entitled to its commissions. The propriety of commissions on a succeeding trust created by a power of appointment was fully discussed and determined in Matter of Molyneaux (supra) and need not unduly lengthen this decision.
A related problem has arisen out of the determination made in Matter of Molyneauax (44 Misc 2d 159, supra). In that decision no question was raised concerning the trustee or trustees for the succeeding trust under paragraph ‘ ‘ fifth ’ ’ which arose from the exercise of the power of appointment. Under the will of Silas D. Molyneaux, Jr., his widow, Mary M. Molyneaux, and the United States Trust Company (the present surviving corporate trustee under paragraphs “second” and “fifth”) were the trustees of his residuary trust. In view of the exercise of the general power of appointment by the residuary clause of the son’s will, the precise question raised now concerns the limits of the incorporation of the will of Silas D. Molyneaux, Jr., into that of his father in the exercise of the general power of appointment. Certainly the dispositive provisions are included.
We do not have here the problem discussed in Scott, Trusts (3d ed., vol. 5, §§ 639-641) of a donee with a domicile different from the donor. Both father and son were domiciled in this county. It seems to this court that the trustees of the succeeding trust in paragraph ‘ ‘ fifth ’ ’ which arose out of the exercise of the general power of appointment must be the trustees named by the will of the donee. Technically, they will qualify under the will of Dr. Silas D. Molyneaux.
*725 The corporate trustee, having previously qualified as a trustee under paragraph ‘1 fifth ’ need not do so again. Letters of testamentary trusteeship shall also issue as of this date to Mary M. Molyneaux as a trustee under paragraph 1 ‘ fifth ’ ’ of the will of Dr. Silas D. Molyneaux. Having already filed her oath and designation, Mary M. Molyneaux need do nothing further to qualify as trustee.